Ms. Lee O'Brien Assistant Police Legal Advisor City of Orlando Post Office Box 913 Orlando, Florida 32802
Dear Ms. O'Brien:
You ask substantially the following questions:
1. When an off-duty law enforcement agency employee is compelled by a party to appear for deposition or other official proceeding related to his or her employment, who is responsible for the payment of the witness fee prescribed in section 92.142, Florida Statutes?
2. When such employee uses his or her own personal vehicle to travel to such proceeding, who bears the responsibility for payment of the mileage fees provided in sections 92.141 and112.061, Florida Statutes?
3. Does section 92.141, Florida Statutes, authorize the payment of the actual mileage of a law enforcement agency employee from his or her actual point of origin to the proceeding or is the mileage fee provision only applicable from the agency's headquarters to a location outside of the agency's headquarters city?
In sum:
1. and 2. The party who compels the appearance of the off-duty law enforcement agency employee is responsible for payment of the witness fee prescribed in section 92.142, Florida Statutes, and for payment of the mileage fees provided in sections 92.141 and112.061, Florida Statutes, if such employee uses his or her own personal vehicle to travel to the proceeding.
3. Section 92.141, Florida Statutes, authorizes the payment of the mileage of a law enforcement agency employee from his or her actual point of origin to the proceeding if traveling by a privately owned vehicle.
QUESTIONS ONE AND TWO
As your first and second questions are interrelated, they will be answered together. Section 92.141, Florida Statutes, provides:
Any employee of a law enforcement agency of a municipality or county or the state who appears as an official witness to testify at any hearing or law action in any court of this state as a direct result of his employment in the law enforcement agency is entitled to per diem and travel expenses at the same rate provided for state employees under s. 112.061, except that if he travels by privately owned vehicle he is entitled to such traveling expenses for the actual distance traveled to and from court. In addition thereto, such employee is entitled to receive the daily witness pay, exclusive of the mileage allowance, provided by s. 92.142, except when he is appearing as a witness during time compensated as a part of his normal duties.
Pursuant to section 92.142(1), Florida Statutes,
Witnesses in all cases, civil and criminal, in all courts, now or hereafter created, and witnesses summoned before any arbitrator or master in chancery shall receive for each day's actual attendance $5 and also 6 cents per mile for actual distance traveled to and from the courts. A witness in a criminal case required to appear in a county other than the county of his residence and residing more than 50 miles from the location of the trial shall be entitled to per diem and travel expenses at the same rate provided for state employees under s. 112.061, in lieu of any other witness fee at the discretion of the court.[1]
Section 92.141, Florida Statutes, thus authorizes an off-duty law enforcement employee appearing at a hearing or in court as a result of his employment in the law enforcement agency to receive the daily witness pay, exclusive of the mileage allowance, provided in section 92.142, Florida Statutes. Such pay is $5 for each day's actual attendance.
However, while section 92.141 authorizes the payment of the daily witness fee prescribed in section 92.142 except when the law enforcement employee is appearing as a witness during time compensated as part of his normal duties, it does not authorize the payment of the mileage fee prescribed in section 92.142. Instead, section 92.141, Florida Statutes, provides that a law enforcement agency employee appearing as an official witness as a direct result of his employment is entitled to receive mileage at the same rate as provided for state employees under section112.061, Florida Statutes (1994 Supp.). Subsection (7)(d)1. of section 112.061 authorizes a reimbursement rate of 25 cents per mile for state fiscal year 1994-95 and 29 cents per mile thereafter or the common carrier fare for such travel, as determined by the agency head.
While the above statutes set forth the amount of compensation for witnesses, they do not specify who is responsible for payment of witness fees. Section 92.151, Florida Statutes, however, states in pertinent part that "[c]ompensation shall be paid to the witness by the party in whose behalf he is summoned. . . ." Thus, for example, when this office was asked what agency was responsible for reimbursing a law enforcement officer testifying as a witness in connection with his official duties, one of my predecessors in office stated:
Witnesses are to be compensated by the party or agency on whose behalf they are summoned. See 90.15 [now s. 92.151], F.S. Under s. 14 [now s. 19], Declaration of Rights, State Const., costs may not be assessed against a defendant in a criminal proceeding "except after conviction, on a final trial."[2]
As a general matter, therefore, the payment of the witness fee and mileage as prescribed in sections 92.141 and 92.142, Florida Statutes, for an off-duty law enforcement employee appearing as a witness as a result of his employment would appear to be a cost to be borne by the party compelling the appearance of the employee. There are exceptions such as where state law prescribes liability for costs in a criminal case in which the defendant is acquitted or discharged or is insolvent.[3] However, neither section 92.141
nor section 92.142, Florida Statutes, appears to require an employing law enforcement agency to pay its employee's witness fee when such employee is called by the defendant and appears as a witness while off duty.
Accordingly, I am of the opinion that the party who compels the appearance of the off-duty law enforcement agency employee is responsible for payment of the witness fee prescribed in section92.142, Florida Statutes, and for payment of the mileage fees provided in sections 92.141 and 112.061, Florida Statutes, if such employee uses his or her own personal vehicle to travel to the proceeding.
Question Three
As discussed in the previous question, section 92.141, Florida Statutes, provides that a law enforcement agency employee appearing as an official witness as a direct result of his employment is entitled to receive per diem and travel expenses at the same rate as provided for state employees under section112.061, Florida Statutes. This office has previously stated that travel expenses and mileage are authorized under section 112.061, Florida Statutes, for travel away from the officer's official headquarters as defined in section 112.061(4), Florida Statutes.[4] Thus, the travel expenses authorized by section112.061 were payable to an official witness only when he traveled outside the city that was his official headquarter.[5]
In 1984, however, the Legislature amended section 92.141, Florida Statutes, by including the provision "except that if he travels by privately owned vehicle he is entitled to such traveling expenses for the actual distance traveled to and from court."[6]
Legislative intent is the polestar by which the interpretation of a statute must be guided.[7] An examination of the legislative history surrounding the enactment of the 1984 amendment indicates that the Legislature sought to provide that such employees "shall be entitled to mileage expenses when travelling in private vehicles to attend court proceedings regardless of whether such appearances [are] within the official headquarters city."[8]
Accordingly, in light of the amendment to section 92.141, Florida Statutes, I am of the opinion that section 92.141 authorizes the payment of the mileage of a law enforcement agency employee from his or her actual point of origin to the proceeding.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] For state employees required as a result of their employment to appear as official witnesses, section 92.142(2) provides that such employees shall be considered to be on duty during such appearances and shall be entitled to per diem and travel expenses as provided in section 112.061, Florida Statutes. Your inquiry, however, concerns an off-duty employee of a local law enforcement agency.
[2] See, Op. Att'y Gen. Fla. 67-69 (1967).
[3] See, e.g., ss. 939.05 and 939.06, Fla. Stat. (1993).
[4] See, e.g., Ops. Att'y Gen. Fla. 72-20 (1972), 71-83 (1971), 66-15 (1966), 65-126 (1965), 64-69 (1964) and 63-114 (1963).
[5] See, e.g., Op. Att'y Gen. Fla. 72-52 (1972), stating that if a deputy sheriff was required to testify as an official witness before a grand jury or state attorney as a direct result of his employment as a law enforcement officer at a place within the town or city that was his official headquarters, he would not be entitled to collect any mileage even if he traveled in his own vehicle.
[6] See, s. 1, Ch. 84-153, Laws of Florida (CS/HB 520).
[7] See, e.g., In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990); AMISUB (North Ridge General Hospital, Inc.) v. Department of Health and Rehabilitative Services, 577 So.2d 648 (Fla. 1st DCA 1991).
[8] See, Staff Summary on HB 520, House Committee on Judiciary, dated April 23, 1984. And see, Ellsworth v. Insurance Company Of North America, 508 So.2d 395 (Fla. 1st DCA 1987) (courts may consider legislative staff summaries in construing statutes).